MATTHEW NOVIAN (SBN 324144)
matthew@novianlaw.com
NIKKU KHALIFIAN (SBN 327550)
nikku@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Defendants

STEPHEN SOMMERS (SBN )
Ssommers@justice4you.com
CHARLENE TSAI (SBN )
ctsai@justice4you.com
**ARNOLD LAW, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK O'BRIAN, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKETSHARE, INC.; and PATRICK GREEN,<br><br>Defendants. | Case No. 2:25-cv-01179-WBS-CKD<br><br>**NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE**<br><br>Complaint Filed:   April 23, 2025<br>Trial Date:             None Set |

1

**NOTICE OF SETTLEMNT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Plaintiff PATRICK O'BRIAN ("Plaintiff") and Defendants MARKETSHARE, INC. and PATRICK GREEN ("Defendants") (together, the "Parties"), by and through their respective attorneys of record, hereby give notice in accordance with Local Rule 160(b) that the Parties have reached a settlement in principle resolving all claims in the above-captioned action, with the exception of Plaintiff's Private Attorneys General Act ("PAGA") claims which are dismissed per stipulation herein. The Parties anticipate executing a written settlement agreement and filing a stipulation for dismissal within twenty-one (21) days. The Parties respectfully request that the Court vacate all pending deadlines and hearings, and set a deadline of November 25, 2025, or a date thereafter that the Court deems proper, for the filing of final dismissal documents.

The Parties, by and through their respective attorneys of record, further stipulate – in accordance with Federal Rule of Civil Procedure 41(a)(1(A)(ii) – to the dismissal, without prejudice, of Plaintiff's PAGA claims in the above-captioned action, as follows:

**WHEREAS**, Plaintiff filed his complaint in the above-captioned matter on or around April 23, 2025 (the "Complaint");

**WHEREAS,** Defendants filed their answer to the Complaint on or around June 18, 2025;

**WHEREAS,** the Parties have engaged in ongoing settlement discussions in an effort to resolve Plaintiff's claims in the Action and have reached an agreement to resolve Plaintiff's individual claims;

**WHEREAS,** Plaintiff, after careful consideration of (i) the settlement of his individual FLSA and Labor Code claims, (ii) the proportionality of any potential recovery under PAGA relative to the litigation costs that would be incurred, including the time and cost associated with a motion to remand the PAGA claims, (iii) the duplicative nature of the alleged violations already addressed through the individual resolution, and (iv) the interests of judicial economy

2
NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE

and conservation of Court resources, has determined in good faith that continued pursuit of the representative PAGA claims would serve no meaningful remedial purpose and therefore elects to voluntarily dismiss such claims;

**WHEREAS,** the Parties agree that the rights of other allegedly aggrieved employees will not be prejudiced because (i) the other allegedly aggrieved employees retain the right to pursue their own claims in the future if they so wish and (ii) the Parties have not engaged in discovery with respect to other allegedly aggrieved employees, Plaintiff has not sought the express consent of other allegedly aggrieved employees to pursue this lawsuit on their behalf, and the other allegedly aggrieved employees have not otherwise been notified of this lawsuit and, thus, the other allegedly aggrieved employees do not have expectations of recovery.

**WHEREAS,** this stipulation to dismiss the PAGA claims without prejudice shall be served to the California Labor Workforce ("LWDA") at the same time that the final dismissal documents are submitted to this Court.]

**NOW THEREFORE,** the Parties stipulate and Plaintiff agrees to voluntarily dismiss Plaintiff's Sixth Cause of Action alleging violations of PAGA, without prejudice.

**IT IS SO STIPULATED.**

DATED:  November 6, 2025           **NOVIAN & NOVIAN LLP**

                                   By:   /s/ Matthew Novian
                                      MATTHEW NOVIAN
                                      NIKKU KHALIFIAN

                                   Attorneys for Defendants

DATED:  November 6, 2025           **ARNOLD LAW, PC**

                                   By:   /s/ Stephen Sommers
                                      STEPHEN SOMMERS
                                      CHARLENE TSAI

                                   Attorneys for Plaintiff

**ORDER**

The Court, having considered the Parties' Notice of Settlement and Stipulation of Dismissal and good cause appearing **HEREBY ORDERS** that:

1. All pending deadlines and hearings in this Action are vacated;

2. The Scheduling Conference is reset for **December 15, 2025 at 1:30 p.m.;**

3. The final dismissal documents are to be filed by **November 25, 2025**, or the parties shall file a joint status report if settlement has not been finalized and the case dismissed by that date;

4. Plaintiff's Sixth cause of action alleging violations of the Private Attorneys General Act ("PAGA") is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 6, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE